IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRUM AND FORSTER SPECIALTY INSURANCE COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> LUKA EXPRESS, INC. and STANLEY ROCHA, <br><br> Defendants. | Case No.: 1:23-cv-16867 |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Crum and Forster Specialty Insurance Company ("CFSIC"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Luka Express, Inc. ("Luka Express") and Stanley Rocha, states as follows:

## NATURE OF THE ACTION

1. In this action, CFSIC seeks a determination of its rights and obligations under an insurance policy issued to Luka Express in connection with an Underlying Action (as defined herein) filed by Stanley Rocha, which asserts certain claims against Luka Express.

2. The Underlying Action is pending in the Circuit Court of Cook County, Illinois.

3. CFSIC issued a Commercial General Liability Policy (the "Policy" as defined herein) to Luka Express, as described more fully below.

4. Luka Express tendered the claims asserted against it in the Underlying Action to CFSIC for a defense and indemnity under the Policy.

5. The scope of coverage available to Luka Express in connection with the claims asserted against it in the Underlying Action is governed by the terms, conditions, and exclusions of the Policy.

## JURISDICTION AND VENUE

6. Jurisdiction in this matter is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1).

7. Plaintiff CFSIC is a corporation organized under the law of Delaware with its principal place of business in Morristown, New Jersey. At all relevant times, CFSIC conducted business in the State of Illinois.

8. Defendant Luka Express is corporation organized under the laws of Illinois with its principal place of business in Countryside, Illinois.

9. Defendant Stanley Rocha ("Rocha") is a resident of Franklin Park, Illinois and citizens of the State of Illinois. Plaintiff CFSIC does not assert any claim against Defendant Rocha in the Complaint and he has been named as a defendant in this action solely as a necessary and indispensable party.

10. Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff CFSIC, on the one hand, and Defendants Luka Express and Rocha, on the other hand; and (b) the amount in controversy, including the potential costs of defending and indemnifying Luka Express with regard to the Underlying Action, exceeds $75,000, exclusive of interest and costs.

11. Venue is appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the Underlying Action occurred in this District, and the Policy was issued and delivered in this District.

12. An actual justiciable controversy exists between CFSIC, on the one hand, and Luka Express and Rocha, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is invested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## THE UNDERLYING ACTION

13. On January 19, 2021, Stanley Rocha filed a lawsuit captioned *Stanley Rocha v. Yovani Bahena, et al.*, Case No. 2021-L-546, in the Circuit Court of Cook County, Illinois ("Underlying Action").

14. The operative third amended complaint filed on June 5, 2023 in the Underlying Action ("Complaint") alleges that, on April 3, 2019, Rocha was heading westbound on Roosevelt Road in Winfield, Illinois, when a freightliner tractor trailer operated by defendant Luka Express, through its duly authorized agent, Yovani Bahena ("Bahena"), swerved into oncoming traffic causing the front of the truck driven by Rocha to collide with the passenger side of the freightliner tractor trailer driven by Bahena. A true and correct copy of the Complaint is attached hereto as **Exhibit A**, pp. 2-4

15. The Complaint also alleges that Bahena was an employee of Luka Express, Inc. Ex. A, p. 5.

16. The Complaint asserts two counts against Luka Express

17. Count I, entitled "Negligence – Luka Express, Inc.", alleges that Luka Express, through its authorized agent, Bahena, committed several actions or omissions regarding the operation of the freightliner operated by Bahena and the training of Bahena. Ex. A, pp. 2-4.

18. Count II, entitled, "Willful & Wanton Supervision and Training – Luka Express, Inc.", alleges that on April 3, 2019, Bahena was using his cell phone, was tailgating the vehicle in front of him and, therefore, was unable to bring his fully loaded freightliner to a stop when the vehicle in front him came to a stop, which resulted in Rocha sustaining serious and permanent injuries Ex. A, p. 5.

19. The Complaint further alleges committed several willful and wanton acts or omissions regarding the supervision and training of Bahena. Ex. A, pp. 8-9.

20. As to Luka Express, the Complaint seeks compensatory damages in excess of $50,000, costs incurred, and punitive damages. Ex. A, pp. 3, 9-10.

## THE POLICY

21. CFSIC issued a Commercial General Liability Policy No. BAK-45227-1 to Luka Express for the October 17, 2018 to October 17, 2019 policy period ("Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit B**.

22. The Policy provides a limit of $1 million per Each Occurrence and $2 million general aggregate limit. Ex. B, p. 10.

23. The Policy provides, in pertinent part, as follows:

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.    Insuring Agreement**

    **a**.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion,

    investigate any "occurrence" and settle any claim or "suit" that may result. But:

    **(1)** The amount we will pay for damages is limited as described in **Section III** – Limits Of Insurance; and

    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

  **b.** This insurance applies to "bodily injury" and "property damage" only if:

    **(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

    **(2)** The "bodily injury" or "property damage" occurs during the policy period;…

       \* \* \*

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

       \* \* \*

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

  **a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)** How, when and where the "occurrence" or offense took place;

    **(2)** The names and addresses of any injured persons and witnesses; and

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

  **b.** If a claim is made or "suit" is brought against any insured, you must:

  **(1)** Immediately record the specifics of the claim or "suit" and the date received; and

  **(2)** Notify us as soon as practicable.

 You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

\* \* \*

  **(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

  **(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\* \* \*

**SECTION V – DEFINTIONS**

\* \* \*

**2.** **"Auto"** means:

 **a.** A land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment; or

 **b.** Any other land vehicle that is subject to compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

\* \* \*

**3.** **"Bodily injury"** means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

**11.** **"Loading or unloading"** means the handling of property:

      **a.**      After it is moved from the place where it is accepted for movement into onto an aircraft, watercraft or "auto"; or

      **b.**      While it is in or on an aircraft, watercraft or "auto"; or

      **c.**      While it is being moved from an aircraft, watercraft or "auto" to the place where it is finally delivered;

but "loading or unloading" does not include the movement of property by means of a mechanical device, other than a hand truck, that is not attached to the aircraft, watercraft or "auto".

\* \* \*

**13**.      **"Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

**17**.      **"Property damage"** means:

      **a.**      Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

      **b.**      Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

\* \* \*

Ex. B, pp. 12, 21-26.

    24.      The Policy also contains the following endorsement (to form SB056-0615) which provides as follows:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ABSOLUTE AUTO, AIRCRAFT AND WATERCRAFT EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, paragraph **g.** is deleted and replaced with the following:

    g. **Aircraft, Auto Or Watercraft**

    "Bodily injury" or "property damage" arising out of or resulting from the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft. Use includes operation and "loading or unloading".

    This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" or "property damage" involved the ownership, maintenance, use or entrustment to others of any aircraft, "auto" or watercraft.

B. The following is deleted under **SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS, 4. Other Insurance,** paragraph **b. Excess Insurance**:

    If the loss arises out of the maintenance or use of aircraft, "autos" or watercraft to the extent not subject to Exclusion **g.** of Section **I** – Coverage **A** – Bodily Injury and Property Damage Liability.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

\* \* \*

Ex. B, p. 44.

## THIS DISPUTE

25. On October 16, 2023, Luka Express sought a defense and indemnity from CFSIC under the Policy in connection with the claims asserted against it in the Underlying Action.

26. CFSIC has determined through its coverage investigation that it owes no obligation to defend or indemnify Luka Express in connection with the claims asserted against it in the Underlying Action.

27. CFSIC has advised Luka Express in writing that it disclaims any obligation under the Policy to provide a defense and/or indemnity in connection with the claims asserted in the Underlying Action.

28. CFSIC now brings this action to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify Luka Express in connection with the claims asserted in the Underlying Action.

## COUNT I
### No Duty to Defend or Indemnify

29. CFSIC incorporates by reference herein paragraphs 2 through 28 as if the same were fully set forth at length.

30. The Insuring Agreement of Coverage A – Bodily Injury and Property Damage Liability of the Policy provides, in pertinent part, that CFSIC "will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' . . . to which this insurance does not apply." Ex. B, p. 12.

31. The Insuring Agreement of Coverage A further provides, in pertinent part, that "this insurance applies to 'bodily injury' . . . only if . . . [t]he 'bodily injury' . . . is caused by an 'occurrence' that takes place in the 'coverage territory' and "[t]he "bodily injury" . . . occurs during the policy period. . . " Ex. B, p. 12.

32. The Policy defines "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." The Policy defines "occurrence" to mean "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." Ex. B, pp. 24-25.

33. The Complaint alleges that, on April 3, 2019, Rocha sustained injuries when his truck was hit by the freightliner tractor trailer driven by Bahena. Ex. A, p. 4.

34. To the extent the Complaint does not allege that Luka Express is liable for "bodily injury" as defined in the Policy, the claims asserted in the Complaint do not fall within the scope of the insuring agreement of Coverage A of the Policy and, therefore, no coverage is afforded under the Policy for the claims asserted in the Underlying Action.

35. To the extent any allegations in the Complaint could be reasonably interpreted as satisfying the requirements of coverage under the insuring agreement of Coverage A of the Policy, certain provisions contained in the Policy would operate to preclude coverage in this matter.

36. The Policy contains an Absolute Auto, Aircraft and Watercraft Exclusion ("Absolute Auto Exclusion") which precludes coverage for "bodily injury" arising out of the ownership, maintenance, use or entrustment to others of any "auto". Ex. B, p. 44.

37. The Complaint alleges that, on April 3, 2019, Luka Express, through its duly authorized agent and employee, Yovani Bahena, owned, operated, maintained, and controlled a freightliner tractor trailer on eastbound Roosevelt Road which swerved into oncoming traffic causing the front of the truck driven by Rocha to collide with the passenger side of the freightliner tractor trailer driven by Bahena, resulting in Rocha sustaining serious and permanent injuries. Ex. A, pp. 2-4

38. The Policy defines "auto" to include "[a] land motor vehicle, trailer or semitrailer designed for travel on public roads, including any attached machinery or equipment . . ." Ex. B, p. 23.

39. The freightliner tractor-trailer that was being operated by Luka Express, through its duly authorized agent and employee, Yovani Bahena, at the time of the collision with Rocha's vehicle qualifies as an "auto" as that term is defined in the Policy.

40. As such, the claims asserted against Luka Express in the Underlying Action seeks to impose liability against it for "bodily injury" arising out of Luka Express' ownership, . . . use or entrustment to others of an "auto".

41. Accordingly, since the loss alleged in the Complaint arises from Luka Express' ownership, . . . use or entrustment to others of an auto, coverage for the claims asserted against Luka Express in the Underlying Action would be precluded by operation of the Absolute Auto Exclusion contained in the Policy.

42. Pursuant to the Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition of the Policy, Luka Express, Inc. was required to provide notice of an "occurrence" as well any "suit" as soon as practicable. Ex. B, pp. 21-22.

43. The "occurrence" (the collision between the tractor-trailers operated by Luka Express and Rocha) took place on April 3, 2019 and the Underlying Action was first filed on January 19, 2021.

44. CFSIC first received notice of this matter on October 16, 2023, which is over two and half years after the Underlying Action was filed and approximately four and half years after the "occurrence" took place.

45. As such, Luka Express failed to provide notice to CFSIC of an "occurrence" as well as any "suit" as soon as practicable and, therefore, violated its obligations under the Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition of the Policy in connection with the claims asserted against it in the Underlying Action.

46. Accordingly, based on its violation of its obligations under the Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition of the Policy, coverage for the claims asserted against Luka Express in the Underlying Action would be precluded by the notice provisions of the Policy.

WHEREFORE, CFSIC seeks a judgment that it owes no duty under the Policy to defend or indemnify Luka Express in connection with the claims asserted against it in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff, Crum and Forster Specialty Insurance Company, hereby respectfully request the entry of an order and judgment in its favor and against Luka Express, Inc. and Stanley Rocha declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Luka Express, Inc. for the claims asserted against it in the Underlying Action;

c. Crum and Forster Specialty Insurance Company does not owe a duty under the Policy to defend Luka Express, Inc. in connection with the claims asserted against it in the Underlying Action;

d. Crum and Forster Specialty Insurance Company does not owe a duty under the Policy to indemnify Luka Express, Inc. in connection with the claims asserted against it in the Underlying Action;

e. Crum and Forster Specialty Insurance Company is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Dated: December 18, 2023

Respectfully Submitted,

By: /s/ James J. Hickey
James J. Hickey, Atty. No. 6198334

Colin B. Willmott, Atty. No. 6317451
James.Hickey@kennedyslaw.com
Colin.Willmott@kennedyslaw.com
KENNEDYS CMK
30 S. Wacker Drive, Suite 3650
Chicago, IL 60606
Phone: (312) 800-5053
Fax: (312) 207-2110

*Attorneys for Crum and Forster Specialty Insurance Company*